## Case No. 16,655.

### UNITED STATES v. WEBB.

[8 Ben. 343.] [1]

District Court, S. D. New York. Jan., 1876.

MINISTER OF THE UNITED STATES—PAYMENT—RAT-
IFICATION—ANSWER TO INTERROGA-
TORIES—CONTEMPT.

W., who was minister of the United States at Brazil, received from the government of Brazil a sum of money in settlement of a private claim, and, having paid over a less sum to the United States, a suit was brought against him by the United States to recover the difference. W. set up, as a defence, that the difference had been paid by him to parties in Brazil by agreement of the party interested, and that such action of his in the matter had been communicated by him to the United States, through the then secretary of state, and ratified by the United States. Interrogatories were put to W., as to the persons to whom such payment was made, and he having answered that such payment was made to "certain Brazilians," a motion was made, by proceedings for contempt, to compel fuller answers which should disclose the names of the Brazilians. *Held,* that, as the defendant's answer to the complaint did not disclose the names, and as the defence set up in such answer was based upon alleged communications between him and the department of state, in which the names of the Brazilians referred to were not disclosed, the disclosure of their names was irrelevant to the issue, not important to the defence, if any, of the defendant, and not material to the cause of action set forth by the plaintiffs.

This case came before the court on a motion in behalf of the plaintiffs to punish the defendant [James Watson Webb] for contempt in not answering certain interrogatories, which, by an order made on the 20th of November, 1875, he had been ordered to answer, or to strike out the answer which had been interposed to the complaint. The complaint in the action alleged that the defendant was, in 1867, minister of the United States in Brazil, and, as such, received from the government of Brazil, for the United States, the sum of £14,252; and that he did not account to the United States therefor except for the sum of £5,000; and the action was brought to recover the difference. The answer set up that the £14,252 was paid by the government of Brazil in settlement of a private claim of one Lemuel Wells against that government; that, before the payment of the money, Wells agreed that all the money which should be received in settlement of the claim over and above £5,000, should be by the defendant paid to certain parties in Brazil; that the payment by defendant of the excess of the amount received above the £5,000 was made to such parties in Brazil in pursuance of such agreement, and that the action of the defendant in the matter was duly communicated by him to the United States, through the then secretary of state, and was ratified and approved. Interrogatories were then put to the defendant, by which, among other things, he was asked as to the persons in Brazil to whom such pay-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

ment was made. Answers to such interrogatories were filed; and thereon an order was made, that he file further answers to such interrogatories, or show cause why he should not be punished as for a contempt, or why his answer to the complaint should not be stricken out.

George Bliss, U. S. Dist. Atty.
John E. Parsons, for defendant.

BLATCHFORD, District Judge. The defendant, in his answer to the complaint in this suit, sets up, as a defence, that, before the settlement of the claim by Brazil, Wells entered into an arrangement that the excess to be obtained over £5,000 sterling should be paid over to "certain parties in Brazil," and that £5,000 sterling should be remitted to the United States, to be paid over to Wells; that the fact of the making of such arrangement, and that it was proposed to be acted upon in carrying out the settlement and paying over the proceeds, was, before such settlement was attempted, communicated to and assented to, and subsequently approved by, the plaintiffs, and that, in execution of such arrangement, the defendant paid £9,252 sterling to "such parties in Brazil" and remitted £5,000 sterling to the plaintiffs, to be paid to Wells; and that the action of the defendant in carrying through the settlement of the claim under such arrangement, and in paying over the excess over the £5,000 sterling to "such parties in Brazil," was communicated to the plaintiffs and by them ratified and approved. This answer has been accepted by the plaintiffs, as sufficient in form. The persons to whom it is alleged that the sum of £9,252 sterling was paid are not named by name in the answer, or designated therein otherwise than as "certain parties in Brazil." It is not alleged in the answer that their names were ever communicated to the plaintiffs, or that, in what was communicated to, and approved and ratified by, the plaintiffs, such persons were designated otherwise than as "certain parties in Brazil."

In his replies to the interrogatories put to him, the defendant says that he paid over the £9,252 sterling to "certain Brazilians," not naming them. The plaintiffs having obtained an order that the defendant answer further to such interrogatories, by disclosing the names of the Brazilians referred to, or show cause why he should not be punished as for a contempt or imprisoned until he shall so answer, or why his answer to the complaint should not be stricken out, or why such other steps should not be taken as to the court may seem meet, to punish him for contempt or compel him to so answer, and the defendant not having disclosed such names, the parties have been heard on the question as to whether the defendant ought to be punished for a contempt, or have any penalty inflicted, for not disclosing such names.

In his replies to the interrogatories, the defendant refers to a correspondence between himself and the department of state, contained

in a printed volume, printed by the authority of the United States. It does not appear by that correspondence, nor is it alleged in the replies of the defendant to the interrogatories, that he ever communicated to the department of state the names of the Brazilians referred to, or that whatever approval or ratification there was by the department of state, or by the plaintiffs through that department, of the payment alleged to have been made of the £9,252 sterling, was an approval or ratification of anything except of a payment of the money to persons who were not named, and who were not designated otherwise than as "influential Brazilians." In such volume, at page 142, the persons referred to are designated by the defendant as "influential Brazilians;" at page 145 as "one of the most influential of the opposition" and as "the party with whom I treated" and as "the purchasers of the claim," and as "the leaders of the two parties;" and at page 161 as "the party who took the matter in charge."

As the defence set up in the answer is based upon alleged communications and approvals in which the names of the Brazilians referred to were not disclosed, and as the answer does not disclose the names, I think it must be held that a disclosure of the names by the defendant is irrelevant to the issue, not important to the defence, if any, of the defendant, and not material to the cause of action set forth by the plaintiffs. So much, therefore, of the order of November 20, 1875, as requires the defendant to answer further to interrogatories 3, 4, 5, 6, 8, and 10, is vacated.